**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTRAZENECA AB, ASTRAZENECA PHARMACEUTICALS LP, AND NEKTAR THERAPEUTICS<br>Plaintiffs,<br>v.<br><br>MSN PHARMACEUTICALS, INC., AND MSN LABORATORIES PVT. LTD.,<br><br>Defendants. | Civ. Action No. 1:18-cv-02051-RGA |

**ANSWER OF MSN PHARMACEUTICALS, INC., AND**
**MSN LABORATORIES PVT. LTD. TO COMPLAINT**

Defendants MSN Pharmaceuticals, Inc. (hereinafter "MSN Pharmaceuticals"), and MSN Laboratories Pvt. Ltd. (hereinafter "MSN Laboratories") (collectively "MSN"), by their attorneys, answer the Complaint of Plaintiffs AstraZeneca AB, AstraZeneca Pharmaceuticals LP, and Nektar Therapeutics ("Plaintiffs") as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code that arises out of the filing, made by MSN Laboratories Pvt. Ltd. (hereinafter "MSN Laboratories"), of an Abbreviated New Drug Application ("ANDA") with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of MOVANTIK®(naloxegol) in tablet form in doses of 25 mg and 12.5 mg ("Movantik"), prior to the expiration of U.S. Patent No. 9,012,469 ("the '469 patent").

**ANSWER**

Defendants admit that Plaintiffs allege this is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code against MSN and that plaintiffs allege this action arises out of the filing by Defendants of an ANDA with FDA seeking approval to manufacture and sell naloxegol in tablet form in doses of 25 mg and 12.5 mg prior to the expiration of the '469 patent. Defendants deny the remaining allegations of Paragraph 1.

2. Movantik is an opioid antagonist indicated for the treatment of opioid-induced constipation in adult patients with chronic non-cancer pain, including patients with chronic pain related to prior cancer or its treatment who do not require frequent (e.g., weekly) opioid dosage escalation.

**ANSWER**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, deny them.

3. MSN Laboratories notified Plaintiff AstraZeneca AB, Plaintiff Nektar Therapeutics, and Plaintiff AstraZeneca Pharmaceuticals LP by letter dated November 14, 2018 ("MSN's Notice Letter") that it had submitted to the FDA ANDA No. 212625 ("the ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic "naloxegol oxalate tablets, containing equivalent of 12.5 mg or 25 mg naloxegol base, as an oxalate salt, for oral use," ("the ANDA Product") prior to the expiration of the '469 patent.

**ANSWER**

Admitted.

4. Upon information and belief, MSN Laboratories and its U.S. subsidiary MSN Pharmaceuticals, Inc. (hereinafter "MSN Pharmaceuticals") worked in concert in deciding to pursue, and ultimately to submit, the ANDA. (MSN Laboratories and MSN Pharmaceuticals collectively are referred to herein as "MSN.")

**ANSWER**

Denied.

5. Upon information and belief, MSN plans, intends to, and will manufacture, import, offer to sell, or sell the ANDA Product in the United States prior to the expiration of the '469 patent.

**ANSWER**

Denied.

6. Upon information and belief, the ANDA Product is a drug product that is a generic version of Movantik, containing the same or equivalent ingredients in the same or equivalent amounts.

**ANSWER**

Defendants admit that the ANDA that describes their ANDA Product is a document that speaks for itself. Defendants deny the remaining allegations of Paragraph 6.

**PARTIES**

7. Plaintiff AstraZeneca AB is a public limited liability company organized under the laws of Sweden with its principal place of business at Karlebyhus, Astraallen, Sodertge, S-151 85, Sweden.

**ANSWER**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, deny them.

8. Plaintiff AstraZeneca Pharmaceuticals LP is a limited partnership organized under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware, 19850. AstraZeneca Pharmaceuticals LP is the holder of approved New Drug Application No. 204760, directed to Movantik, and sells and distributes Movantik in the United States.

**ANSWER**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, deny them.

9. Plaintiff Nektar Therapeutics is a corporation organized under the laws of Delaware with its principal place of business at 455 Mission Bay Boulevard South, San Francisco, California, 94158.

**ANSWER**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, deny them.

10. Upon information and belief, defendant MSN Laboratories is a corporation organized and existing under the laws of India with its principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanathnagar, Hyderabad - 18 Telangana, India. Upon information and belief, MSN Laboratories is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including MSN Pharmaceuticals.

**ANSWER**

Defendants admit that MSN Laboratories is a corporation organized and existing under the laws of India with its principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanathnagar, Hyderabad - 18 Telangana, India, engaged in the business of manufacturing and selling pharmaceuticals in India. Defendants deny the remaining allegations of Paragraph 1.

11. Upon information and belief, defendant MSN Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 343 Thornall Street, Suite 678, Edison, New Jersey 08837. Upon information and belief, MSN Pharmaceuticals is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

**ANSWER**

Defendants admit that defendant MSN Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Jersey. Defendants deny the remaining allegations of Paragraph 11.

12. Upon information and belief, MSN Pharmaceuticals is a wholly-owned subsidiary of MSN Laboratories.

**ANSWER**

Admitted.

**JURISDICTION**

13. Jurisdiction is proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

**ANSWER**

Paragraph 13 states legal conclusions to which no response is required. For purposes of this action only, Defendants do not contest subject matter jurisdiction in this Court. To the extent a response is required, Defendants deny the allegations of Paragraph 13.

14. This Court has personal jurisdiction over each of MSN Laboratories and MSN Pharmaceuticals.

**ANSWER**

Paragraph 14 states legal conclusions to which no response is required. For purposes of this action only, Defendants do not contest personal jurisdiction in this Court. To the extent a response is required, Defendants deny the allegations of Paragraph 14.

15. MSN Laboratories is subject to personal jurisdiction in Delaware because, among other things, MSN Laboratories, itself and through its wholly-owned subsidiary MSN Pharmaceuticals, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, MSN Laboratories, itself and through its subsidiary MSN Pharmaceuticals, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, MSN Laboratories is subject to personal jurisdiction in Delaware because, upon information and belief, it controls and dominates MSN Pharmaceuticals and therefore the activities of MSN Pharmaceuticals in this jurisdiction are attributed to MSN Laboratories.

**ANSWER**

Paragraph 15 states conclusions of law to which no response is required. For the purposes of this action, Defendants do not contest personal jurisdiction in Delaware. To the extent a response is required, MSN denies the allegations of Paragraph 15.

16. MSN Pharmaceuticals is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. MSN Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, upon information and belief, MSN Pharmaceuticals develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

**ANSWER**

Paragraph 16 states conclusions of law to which no response is required. For the purposes of this action, Defendants do not contest personal jurisdiction in Delaware. To the extent a response is required, MSN denies the allegations of Paragraph 16.

17. Upon information and belief, MSN knows and intends that upon approval of the ANDA, MSN will manufacture the ANDA Product and directly or indirectly market, sell, and distribute the ANDA Product throughout the United States, including in Delaware.

**ANSWER**

Denied.

18. Upon information and belief, MSN Laboratories and MSN Pharmaceuticals are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to the ANDA Product, and enter into agreements with each other that are nearer than arm's length. Upon information and belief, MSN Pharmaceuticals participated in, assisted, and cooperated with MSN Laboratories in the acts complained of herein.

**ANSWER**

Denied.

19. Upon information and belief, following any FDA approval of the ANDA, MSN will import into the United States, and distribute and sell the ANDA Product throughout the United States, including within Delaware.

**ANSWER**

Denied.

20. MSN has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceuticals companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

**ANSWER**

Admitted.

21. Upon information and belief, MSN, with knowledge of the Hatch-Waxman Act process, directed MSN's Notice Letter to, inter alia, AstraZeneca Pharmaceuticals LP, to an

address in Delaware, and alleged in MSN's Notice Letter that the '469 patent is invalid and/or will not be infringed by the commercial manufacture, use or sale of the ANDA Product. Upon information and belief, MSN knowingly and deliberately challenged the '469 patent knowing that when it did so it was triggering a forty-five day period for Plaintiffs to bring an action for patent infringement under the Hatch-Waxman Act.

**ANSWER**

Admitted.

22. Because AstraZeneca Pharmaceuticals LP is a limited partnership organized in Delaware, it suffers injury and consequences from MSN's filing of the ANDA, challenging the '469 patent in Delaware. Upon information and belief, MSN knew that it was deliberately challenging the patent rights of at least one Delaware entity and seeking to invalidate intellectual property held in Delaware.

**ANSWER**

Paragraph 22 states conclusions of law to which no response is required. To the extent a response is required, MSN denies the allegations of Paragraph 22.

23. MSN has been a litigant in connection with other infringement actions under the Hatch-Waxman Act, and reasonably should have anticipated that by sending MSN's Notice Letter to a Delaware corporation, it would be sued in Delaware for patent infringement.

**ANSWER**

Denied.

24. MSN Laboratories and MSN Pharmaceuticals regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g., Vanda Pharmaceuticals Inc. v. MSN Pharmaceuticals Inc. et al*, No. 18-00690-CFC, D.I. 10 (D. Del. June 28, 2018) (MSN Laboratories and MSN Pharmaceuticals); *H Lundbeck /1/S et al v. MSN Laboratories Private Limited et al*, No. 18-00114-LPS, D.I. 15 (D. Del. April 6, 2018) (same); *Adverio Pharma GmbH et al v. MSN Laboratories Private Limited et al*, No. 18-00111-LPS, D.I. 9 (D. Del. April 3, 2018) (same); *Onyx Therapeutics, Inc. v. MSN Pharmaceuticals, Inc. et al*, No. 17- 01833-LPS, D.I. 8 (D. Del. Jan. 12, 2018) (same), and accordingly this Court has personal jurisdiction over MSN.

**ANSWER**

Paragraph 24 states conclusions of law to which no response is required. For purposes of this action only, Defendants do not contest personal jurisdiction in this Court. To the extent a response is required, MSN denies the allegations of Paragraph 24.

25. Upon information and belief, if the ANDA is approved, MSN will directly or indirectly manufacture, market, sell, and/or distribute the ANDA Product within the United States, including in Delaware, consistently with MSN's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, MSN regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. Upon information and belief, MSN's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. Upon information and belief, the ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of the '469 patent in the event that the ANDA is approved before the patent expires.

**ANSWER**

Paragraph 25 states conclusions of law to which no response is required. For purposes of this action only, Defendants do not contest personal jurisdiction in Delaware. To the extent a response is required, MSN denies the allegations of Paragraph 25.

26. Upon information and belief, MSN derives substantial revenue from pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by MSN and/or for which MSN Laboratories or MSN Pharmaceuticals is the named applicant on approved ANDAs. Upon information and belief, various products for which MSN Laboratories or MSN Pharmaceuticals is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

**ANSWER**

For purposes of this action only, Defendants do not contest personal jurisdiction in Delaware. Defendants deny the allegations of Paragraph 26.

## VENUE

27. Venue is proper in this district for MSN Laboratories pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, MSN Laboratories is a corporation organized and existing under the laws of India and is subject to personal jurisdiction in this judicial district.

**ANSWER**

Paragraph 27 states conclusions of law to which no response is required. For purposes of this action only, Defendants do not contest venue in this Court. To the extent a response is required, Defendants deny the allegations of Paragraph 27.

28. Venue is proper in this district for MSN Pharmaceuticals pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, MSN Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

**ANSWER**

Paragraph 28 states conclusions of law to which no response is required. For purposes of this action only, Defendants do not contest venue in this Court. To the extent a response is required, Defendants deny the allegations of Paragraph 28.

## THE '469 PATENT

29. Plaintiffs incorporate each of the preceding paragraphs 1-28 as if fully set forth herein.

**ANSWER**

Defendants incorporate by reference and repeat their responses to Paragraphs 1-28 as if fully set forth herein.

30. The inventors named on the '469 patent are Bengt Leonard Aslund, Carl- Johan Aurell, Martin Hans Bohlin, Eric Thomas Healy, David Richard Jensen, David Thomas Jonaitis, Stephan Parent, Tesfai Sebhatu, and Bo Ingvar Ymen (collectively, "the Named Inventors").

**ANSWER**

Admitted.

31. The ‘469 patent, entitled “Crystalline Naloxol-Peg Conjugate,” (Exhibit A hereto), was duly and legally issued on April 21, 2015, to AstraZeneca AB and Nektar Therapeutics as assignees of the Named Inventors.

**ANSWER**

MSN admits that the ‘469 patent is entitled “Crystalline Naloxol-Peg Conjugate,” that AstraZeneca AB and Nektar Therapeutics are named as assignees on the face of the patent, and that it bears on its face an issue date of April 21, 2015. MSN is without information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 31, and on that basis denies them.

32. The ‘469 patent claims, *inter alia*, a crystalline oxalate salt of mPEG7-O-naloxol, certain naloxol-polyethylene glycol conjugate oxalate salts, methods of producing them, and compositions comprising them.

**ANSWER**

MSN admits that the ‘469 patent is a document that speaks for itself. To the extent a response is required, MSN denies the allegations of Paragraph 32.

33. Plaintiffs are assignees of the ‘469 patent, and have the right to enforce the ‘469 patent.

**ANSWER**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, deny them.

34. Movantik, and methods of producing Movantik, are covered by one or more claims of the ‘469 patent.

**ANSWER**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, deny them.

35. The ‘469 patent has been listed in connection with Movantik in the FDA’s publication, Approved Drug Products with Therapeutic Equivalence Evaluations, which is referred to as the “Orange Book.”

**ANSWER**

Admitted.

36. Plaintiffs will be substantially and irreparably damaged by infringement of the ‘469 patent.

**ANSWER**

Denied.

**COUNT I**
**MSN LABORATORIES’ INFRINGEMENT OF THE ‘469 PATENT UNDER 35 U.S.C. § 271(e)(2)(A)**

37. Plaintiffs incorporate each of the preceding paragraphs 1-36 as if fully set forth herein.

**ANSWER**

Defendants incorporate by reference and repeat their responses to Paragraphs 1-36 as if fully set forth herein.

38. In MSN’s Notice Letter, MSN notified Plaintiffs that it had submitted the ANDA to the FDA. The purpose of the submission of the ANDA was to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product prior to the expiration of the patent-in-suit.

**ANSWER**

Admitted.

39. In its Notice Letter, MSN also notified Plaintiffs that, as part of the ANDA, MSN had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the ‘469 patent. Upon information and belief, MSN submitted the ANDA to the FDA containing a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the ‘469 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of the ANDA Product.

**ANSWER**

Admitted.

40. The ANDA Product, and the manufacture and/or use of the ANDA Product, are covered by one or more claims of the '469 patent, including at least claim 5.

**ANSWER**

Denied.

41. In its Notice Letter, MSN did not contest infringement of claim 5 of the '469 patent.

**ANSWER**

Denied.

42. MSN has now, and has had since at least before submitting the ANDA, knowledge of the '469 patent.

**ANSWER**

Admitted.

43. MSN's submission of the ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product before the expiration of the '469 patent was an act of infringement of that patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER**

Paragraph 43 states conclusions of law to which no response is required. To the extent a response is required, MSN denies the allegations of Paragraph 43.

44. Upon information and belief, MSN will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the ANDA Product immediately and imminently upon approval of the ANDA and expiration of any other Orange Book-listed patent or relevant exclusivity for the Movantik product.

**ANSWER**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, deny them.

45. The manufacture, use, sale, offer for sale, or importation of the ANDA Product would infringe one or more claims of each of the '469 patent, including at least the claims listed in above paragraph 40.

**ANSWER**

Denied.

46. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of the ANDA Product in accordance with, and as directed by MSN's proposed product labeling, would infringe one or more claims of each of the '469 patent, including at least the claims listed in above paragraph 40.

**ANSWER**

Denied.

47. Upon information and belief, MSN plans and intends to, and will, actively induce infringement of the '469 patent when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

**ANSWER**

Denied.

48. Upon information and belief, MSN knows that the ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '469 patent, that the ANDA Product is not a staple article or commodity of commerce, and that the ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, MSN plans and intends to, and will, contribute to infringement of the '469 patent immediately and imminently upon approval of MSN's ANDA and expiration of any other Orange Book-listed patent or relevant exclusivity for the Movantik product.

**ANSWER**

Paragraph 48 states conclusions of law to which no response is required. To the extent a response is required, MSN denies the allegations of Paragraph 48.

49. Notwithstanding MSN's knowledge of the claims of the '469 patent, MSN has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import the ANDA Product with its product labeling following upon FDA approval of MSN's ANDA and prior to the expiration of the '469 patent.

**ANSWER**

Denied.

50. The foregoing actions by MSN constitute and/or will constitute infringement of the '469 patent; active inducement of infringement of the '469 patent; and contribution to the infringement by others of the '469 patent.

**ANSWER**

Denied.

51. Upon information and belief, MSN has acted with full knowledge of the'469 patent and without a reasonable basis for believing that it would not be liable for infringement of the'469 patent; active inducement of infringement of the '469 patent; and/or contribution to the infringement by others of the '469 patent.

**ANSWER**

Denied.

52. Unless MSN is enjoined from infringing the '469 patent, actively inducing infringement of the '469 patent, and contributing to the infringement by others of the '469 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**ANSWER**

Denied.

**COUNT II**
**DECLARATORY JUDGMENT OF INFRINGEMENT BY MSN LABORATORIES AND MSN PHARMACEUTICALS OF THE '469 PATENT**

53. Plaintiffs incorporate each of the preceding paragraphs 1-52 as if fully set forth herein.

**ANSWER**

Defendants incorporate by reference and repeat their responses to Paragraphs 1-52 as if fully set forth herein.

54. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and MSN on the other regarding MSN's infringement, active inducement of infringement, and contribution to the infringement by others of the '469 patent.

**ANSWER**

Paragraph 54 states conclusions of law to which no response is required. To the extent a response is required, MSN denies the allegations of Paragraph 54.

55. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of the ANDA Product, or any other drug product which is covered by or whose use is covered by one or more of the '469 patent, will infringe, induce the infringement of, and contribute to the infringement by others of, that patent.

**ANSWER**

Denied.

**RESPONSE TO PLAINTIFFS' REQUEST FOR RELIEF**

Defendants deny that Plaintiffs are entitled to the judgment or any of the relief sought in Plaintiffs' request for relief, paragraphs (a) through (g).

**ADDITIONAL DEFENSES**

MSN asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted. MSN does not assume the burden of proof with respect to those matters that, under law, Plaintiffs bear the burden of proof.

**FIRST ADDITIONAL DEFENSE**

The manufacture, use, offer for sale, sale or importation of the proposed products that are the subject of ANDA No. 212625 do not and will not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '469 patent.

**SECOND ADDITIONAL DEFENSE**

The manufacture, use, offer for sale, sale or importation of the proposed products that are the subject of ANDA No. 212625 do not and will not induce the infringement of, and have not, do

not, and will not contribute to the infringement of any valid and enforceable claim of the '469 patent.

**THIRD ADDITIONAL DEFENSE**

The claims of the '469 patent are invalid and/or unenforceable under 35 U.S.C §§ 101, *et seq*. including, *inter alia*, §§ 102, 103 and/or 112, or under other judicially-created bases for invalidation.

**FOURTH ADDITIONAL DEFENSE**

Plaintiffs' Complaint, in whole or in part, fails to state a claim on which relief can be granted.

**FIFTH ADDITIONAL DEFENSE**

Plaintiffs failed to state a proper claim for an exceptional case.

**SIXTH ADDITIONAL DEFENSE**

Any additional defenses that discovery may reveal, including, but not limited to, defenses of unenforceability, as well as any defenses raised by another defendant in another action concerning the '469 patent.

**REQUEST FOR RELIEF**

WHEREFORE, MSN respectfully requests that this Court enter a Judgment and Order in its favor and against Plaintiffs as follows:

A. Dismissing Plaintiffs' Complaint with prejudice and denying each and every prayer for relief contained therein;

B. Adjudging that the claims of the '469 patent are invalid, unenforceable, and not infringed;

C. Declaring that this is an exceptional case under 35 U.S.C. § 285 and/or other applicable laws and awarding MSN their attorneys' fees, costs and expenses in this action;

D. Awarding MSN the costs and fees of this action;

E. Awarding to MSN such other and further relief as this Court may deem necessary, just and proper;

Dated: January 17, 2019

**PINCKNEY, WEIDINGER, URBAN & JOYCE LLC**

*/s/ Helena C. Rychlicki*
Helena Rychlicki (DE No. 3996)
3711 Kennett Pike, Suite 210
Greenville, DE 19807
(302) 504-1497 (tel.)
(302) 442-7046 (fax)
hrychlicki@pwujlaw.com

OF COUNSEL

Andrew J. Miller
Stuart D. Sender
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
973-379-4800
amiller@buddlarner.com

*Attorneys for Defendants*
*MSN Pharmaceuticals, Inc. and MSN Laboratories Pvt. Ltd.*